# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLA F. HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.  1:14-cv-01813-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br>(ECF Nos. 27, 32, 33) |

## I.

## BACKGROUND

On November 19, 2014, Plaintiff Lilla Fayette Hill ("Plaintiff") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act. On February 5, 2016, an order issued finding that the Administrative Law Judge ("ALJ") erred by failing to consider medical records suggesting that Plaintiff's condition may have worsened and in failing to provide germane reasons to disregard the testimony of Dr. McNaughton, Plaintiff's treating chiropractor.  The action was remanded for further proceedings.

On May 5, 2016, Plaintiff filed a motion for attorney fees.  On August 5, 2016, Defendant filed an opposition to the motion.  On August 16, 2016, Plaintiff filed a reply.

Plaintiff seeks $7,203.14 in attorney fees and $6.17 in expenses and costs for a total of $7,209.31 as a prevailing party in this litigation.  Defendant opposes the motion on the ground

1    that Plaintiff is not entitled to attorney fees arguing that the Government's position was

2    substantially justified and that the requested fees are excessive.

3                                              **II.**

4                                    **LEGAL STANDARD**

5           The Equal Access to Justice Act ("EAJA") was passed by Congress "to eliminate for the

6    average person the financial disincentive to challenge unreasonable governmental actions."

7    Ibrahim v. U.S. Dep't of Homeland Sec., __ F.3d __, 2016 WL 4527560, at *3 (9th Cir. Aug. 30,

8    2016) (quoting Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990)).  The Act provides that

9    "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party

10   other than the United States fees and other expenses, in addition to any costs . . . incurred by that

11   party in any civil action" "including proceedings for judicial review of agency action, brought by

12   or against the United States in any court having jurisdiction of that action, unless the court finds

13   that the position of the United States was substantially justified or that special circumstances

14   make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  "An applicant for disability benefits

15   becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed

16   and remanded regardless of whether disability benefits ultimately are awarded."  Gutierrez v.

17   Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

18          The Government has the burden to demonstrate that its position is substantially justified.

19   Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998).  Substantially justified means justified to a

20   degree that could satisfy a reasonable person.  Gutierrez, 274 F.3d at 1258.  A substantially

21   justified position must have a reasonable basis in both law and in fact.  Id.  Determining whether

22   the Government's position was substantially justified requires consideration of the Government's

23   litigation position as well as the action or failure to act by the agency in the original action.

24   Ibrahim, 2016 WL 4527560, at *3.  Therefore, the Court focuses on "two questions: first,

25   whether the government was substantially justified in taking its original action; and, second,

26   whether the government was substantially justified in defending the validity of the action in

27   court."  Gutierrez, 274 F.3d at 1259 (quoting Kali v. Bowen, 854 F.2d 329, 332 (9th Cir.1988)).

28   / / /

# III.

## DISCUSSION

### A.    Substantial Justification

Defendant cites to several cases in support of the argument that the Commissioner was substantially justified in defending this action.  In Hardisty v. Astrue, 592 F.3d 1071 (9th Cir. 2009), the court denied an award of attorney fees after the Commissioner's denial of benefits was reversed and remanded for calculation of benefits.  On appeal, the plaintiff argued that he should be awarded attorney fees for those agency positions that were challenged but were not addressed by the district court.  Hardisty, 592 F.3d at 1075-76.  The appellate court found no authority to award fees for issues on which the plaintiff did not prevail and the court found that there was substantial evidence in the record to support the adverse credibility finding.  Id. at 1077, 1079. The ALJ pointed to three pieces of evidence that supported his adverse credibility finding and the district court did not abuse its discretion in finding the Commissioner's position was substantially justified.  Id. at 1080.

Similarly, the additional cases cited by Defendant stand for the proposition that a position can be substantially justified even when it is incorrect if it has a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988); see Le v. Astrue, 529 F.3d 1200, 1201 (9th Cir. 2008) (affirming denial of fees on ground that a nonfrivolous argument could be made that five visits over a three year period were not sufficient to consider the doctor a treating physician giving the severity and complexity of the alleged mental problems); Lewis v. Barnhardt, 281 F.3d 1081 (9th Cir. 2002) (substantial evidence supports the ALJ's finding that the claimant could perform past relevant work); Linge v. Colvin, 589 Fed. Appx. 383 (9th Cir. 2015) (unpublished) (finding justification in the record for the ALJ's conclusions); Ayala v. Astrue, 584 Fed. Appx. 776 (9th Cir. 2014) (unpublished) (finding alternate basis of opinion was substantially justified and an intercircuit conflict on whether a claimant limited to simple and repetitive tasks can perform a job requiring Reasoning Level 3).

While Defendant argues that this action is similar to those actions in which courts have found substantial justification exists because there was no procedural or legal error, this Court

1   finds this action to be factually distinguishable.  In the instant action, the ALJ relied on the report

2   of Dr. Kiger, an agency physician, that there had been no worsening of Plaintiff's condition and

3   no new treatment.  However, the record demonstrated that around the time that Dr. Kiger issued

4   his opinion Plaintiff had reported an increase in her pain and had sought new treatment and a

5   change in her medication.  Dr.  Kiger's opinion is not supported by the contemporaneous

6   medical records.  Therefore, the position of the ALJ that there had been no worsening of

7   Plaintiff's condition and no new treatment was not substantially justified.

8       Additionally, the ALJ rejected the opinion of Dr. McNaughten, Plaintiff's treating

9   chiropractor, because he was not an acceptable medical source.  Although the ALJ may give more

10  weight to the opinion of an "acceptable medical source" over an "other source," see 20 CFR §

11  416.927; Casner v. Colvin, 958 F. Supp. 2d 1087, 1092 (C.D. Cal. 2013), "the ALJ may not

12  completely disregard an opinion from an 'other source' merely because it is not an 'acceptable

13  medical source[,]' " Sanchez v. Comm'r of Soc. Sec., No. 2:13-CV-0786-KJN, 2014 WL 4678282,

14  at *3 (E.D. Cal. Sept. 19, 2014) (citations omitted).  A chiropractor is defined as an "other source" in

15  the Social Security regulations.  20 C.F.R. § 404.1513(d).  In order to discount the testimony of other

16  sources, the ALJ needs to provide reasons that are germane to the witness.  Molina v. Astrue, 674

17  F.3d 1104, 1111 (9th Cir. 2012).

18      The ALJ was required to provide germane reasons to reject the opinion of Dr. McNaughten

19  and did not do so.  Dr. McNaughten opined that Plaintiff was unable to do any bending, pulling or

20  pushing, no prolonged sitting or standing; and could not lift over twenty pounds.  (AR 395.)  While

21  Defendant argues that Plaintiff has the ability to perform sedentary work, the question as to whether

22  the limitations imposed by Dr. McNaughten would preclude sedentary work was never addressed by

23  the ALJ.  The ALJ did ask the VE if Plaintiff was limited to sedentary work if she could perform her

24  prior work, but the record does not reflect whether the limitations opined by Dr. McNaughten would

25  translate to sedentary work.  As the ALJ did not provide germane reasons to reject the opinion of Dr.

26  McNaughten there cannot be substantial evidence to support the rejection of his opinion.

27      Finally, defending "basic and fundamental" errors often lacks substantial justification.

28  Corbin, 149 F.3d at 1053 (the defense of basic and fundamental errors is difficult to justify).  In

1    this instance, the Court finds that the Commissioner's position was not substantially justified and
2    Plaintiff is entitled to attorney fees pursuant to the EAJA.

3           **B.      Motion for Attorney Fees**

4           Originally, Plaintiff was seeking $7,246.09 in attorney fees for 38.05 hours expended in
5    this action.  Defendant opposes the motion arguing that the hours expended were excessive.  In
6    her reply, Plaintiff seeks $7,209.31 in attorney fees for 37.75 hours expended in this action.

7           1.      Plaintiff is a Prevailing Party

8           Plaintiff has been granted leave to proceed in this action in forma pauperis.  Therefore the
9    Court finds that she is a party as defined by section 2412.

10          A plaintiff whose action is remanded is a prevailing party for the purposes of the EAJA.
11   Shalala v. Schaefer, 509 U.S. 292, 300 (1993) ("No holding of this Court has ever denied
12   prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to
13   sentence four of § 405(g).").  "An applicant for disability benefits becomes a prevailing party for
14   the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of
15   whether disability benefits ultimately are awarded."  Gutierrez, 274 F.3d at 1257.

16          Here, the Court found that the ALJ had erred by failing to provide germane reasons to
17   reject the opinion of Dr. McNaughten and in failing to address the medical record subsequent to
18   Dr. Ocrant's report.  (ECF No. 25.)  Plaintiff is a prevailing party for the purposes of the EAJA.

19          2.      Reasonable Attorney Fees

20          The statute specifically provides for an award of reasonable attorney fees.  28 U.S.C.
21   2412(d)(2)(A).  Trial courts have broad discretion in determining the reasonableness of attorney
22   fees.  Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992).  The Ninth Circuit utilizes the
23   "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours
24   reasonably expended is multiplied by a reasonable hourly rate.  Gonzalez v. City of Maywood,
25   729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th
26   Cir. 2008).

27          In this action, Petitioner is seeking 37.75 hours for time spent litigating this action and
28   has provided a detailed time accounting.  Defendant argues that the hours spent are unreasonable

1  because there was duplication of effort by counsel in this action and the pleadings filed contained

2  routine boilerplate arguments from briefs filed in other cases within this district.  In her reply,

3  Plaintiff reduces the number of hours sought in the original motion by 5.5 to address the

4  argument that boilerplate was used and that there was overlap in the briefing.  She seeks an

5  additional 5.7 hours for preparation of the reply brief.

6       Plaintiff filed the opening brief and reply in this action that ultimately resulted in the

7  action being remanded.  While the Court does note the use of boilerplate in the briefs, it finds

8  that Plaintiffs' reduction of 5.5 hours is adequate to account for its use and any overlap.  Having

9  reviewed the documentation provided, the Court finds that the hours sought are reasonable.  See

10 Costa v. Comm. of Soc. Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("Many district courts

11 have noted that twenty to forty hours is the range most often requested and granted in social

12 security cases.").

13      Petitioner is seeking the statutory maximum rate of $190.06 per hour for time spent in

14 2014; $190.28 per hour for time spent in 2015; and $191.70 per hour for time spent in 2016.  The

15 Court finds that the request for $7,203.14 is reasonable.

16      3.    Costs

17      Petitioner also seeks costs of $6.17 for service by mail.  A receipt verifying the amount

18 sought has been included in the motion.  (ECF No. 27-2.)   The Court finds that this is a

19 reasonable amount for serving the complaint by certified mail.

20      4.    Payment of Fees

21      Petitioner requests that the fees be made payable to counsel.  Defendant argues that

22 pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award must be payable to Plaintiff, not

23 her attorney.  Petitioner replies that courts have ordered the payment of EAJA fees not subject to

24 offset to the plaintiff's attorney and Defendant has provided no reasons why the court should not

25 do so in this instance.

26      In Astrue, the Supreme Court was addressing whether an award of fees under the EAJA

27 could be subject to an offset where the attorney was arguing that the fee award belonged to the

28 attorney and not the claimant.  Astrue, 560 U.S. at 589-90.  While finding that the statute

provided that the fee award was payable to the claimant, id. at 592-93, the Astrue court recognized that the fee awards were routinely paid directly to the claimant's attorney where, as here, the litigant has assigned his rights in the award to the attorney, id. at 597.  However, under the Anti-Assignment Act, 31 U.S.C. 3727, which applies to Social Security actions, an assignment of "any part of a claim against the United States Government" may be made only after certain requirements are met.  Yesipovich v. Colvin, 166 F.Supp.3d 1000 (N.D. Cal. 2015).  The government may waive coverage of the Act and this allows the government to pick and choose which assignments it will accept and which it will not.  United States v. Kim, 806 F.3d 1161, 1170 (9th Cir. 2015).

In this instance, Plaintiff has assigned his rights to any award of attorney fees to his attorney.  If the Government chooses not accept this assignment, the payment shall be made payable to Plaintiff; however, regardless of the payee, the check shall be mailed to Plaintiff's attorney.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for attorney fees under the Equal Access to Justice Act is GRANTED;

2. Petitioner is awarded fees and costs in the amount of $7,209.31 under 24 U.S.C. § 2412(d);

3. Defendant shall determine whether Plaintiff's EAJA attorney fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall cause payment of fees to be made directly to Plaintiff unless the Government decides to accept the assignment of fees; and

/ / /

/ / /

/ / /

4.     The payment shall be mailed to Plaintiff's counsel, Kelsey Mackenzie Brown, 1003 Whitman Street, Tacoma, WA 98406.

IT IS SO ORDERED.

Dated:   **September 23, 2016**

UNITED STATES MAGISTRATE JUDGE